# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:06-CR-00127-LSC-JEO |
| ) | |
| DARREN VINCENT GESE ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S ORAL CHALLENGE TO THE VIOLENCE AGAINST WOMEN ACT

COMES NOW the United States of America, by and through its counsel, Alice H. Martin, United States Attorney for the Northern District of Alabama, and E. Vincent Carroll, Assistant United States Attorney, and responds to Defendant's oral challenge to Title 42, United States Code, Section 14011 of the Violence Against Women Act, as follows:

1. On April 27, 2006, a hearing was held on the Government's Motion to Compel Blood Testing of Defendant for HIV. During the hearing, defendant made an oral challenge to the constitutionality of Title 42, United States Code, Section 14011 of the Violence Against Women Act. Although <u>Gonzales v. Raich</u>, 125 S.Ct. 2195 (2005), was cited as authority for the argument that the section of the Violence Against Women Act in this case (i.e., Section 14011) is unconstitutional,

it appears that United States v. Morrison, 529 U.S. 598, 120 S.Ct. 1740 (2000), is the case defendant intended to refer to.

2. Defendant's argument seems to be that, although the Court in Morrison held a different provision of the Violence Against Women Act to be unconstitutional, see Morrison, 529 U.S. at 619, 120 S.Ct. at 1754-55 ("[W]e conclude that the Commerce Clause does not provide Congress with authority to enact [Title 42, U.S.C.] § 13981..."], the same rationale supports the argument that Section 14011 is unconstitutional. In other words, defendant appears to be arguing that the defendant's alleged conduct in this case is "noneconomic, violent criminal conduct," Morrison, 529 U.S. at 617, 120 S.Ct. at 1754, that has only an "aggregate effect on interstate commerce." Id. Accordingly, Congress cannot, as the argument goes, regulate such conduct through Title 42, U.S.C., Section 14011, because "[t]he regulation and punishment of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the States." Id. (Internal citations omitted).

3. Defendant's argument fails for three reasons.

4. First, the Court in Morrison did not invalidate the entire Violence Against Women Act, just Section 13981. See Morrison, 529 U.S. at 619, 120 S.Ct. at 1754-55 ("[W]e conclude that the Commerce Clause does not provide Congress

with authority to enact [Title 42, U.S.C.] § 13981..."] Thus, Section 14011 is not invalid based on Morrison.

5. Second, defendant's alleged conduct in this case, unlike the conduct in Morrison, involved the use of the channels and facilities of interstate commerce. In fact, the grand jury, in Count One of indictment, charges that the defendant "used a facility and means of interstate commerce, that is a computer accessing an Internet service provider, and interstate telephone calls, to knowingly persuade, induce, and entice" a minor to engage in illegal sexual activity. (See Doc. # 6, Count One). Furthermore, the illegal sexual activity that the defendant engaged in with the minor victim "created a risk of transmission [] of the etiologic agent for acquired immune deficiency syndrome to the victim." 42, U.S.C.A., Section 14011(b)(2)(C).

6. It is a well settled principle that Congress may regulate the use of the channels of interstate commerce. See United States v. Lopez, 514 U.S. 549, 558, 115 S.Ct. 1624, 1629, 131 L.Ed.2d 626 (1995). Because defendant's alleged conduct involved the use of the channels of interstate commerce, conduct that Congress clearly has the authority to regulate, and because such conduct created a risk of transmission of HIV to the victim, Section 14011 is constitutional.

7. Third, the defendant's alleged conduct in this case, again unlike the

3

conduct in Morrison, is not solely intrastate in nature. The defendant is charged in Count Two of the indictment with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person. (See Doc. # 6, Count Two). Defendant's alleged conduct, therefore, involves the instrumentalities of interstate commerce, as well as persons and things in interstate commerce. Accordingly, Section 14011 of the Violence Against Women Act is a valid exercise of Congressional authority on this ground. See Lopez, 514 U.S. at 558-59, 115 S.Ct. at 1624, 131 L.Ed.2d at 626 (recognizing that Congress may regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce.

8. Because defendant's alleged conduct is within Congress's authority to regulate, defendant's challenge to Section 14011 of the Violence Against Women Act is without merit.

9. In the event the Court orders defendant to submit to testing for HIV, the government requests that the Court order the following:

A. That defendant appear within 10 days of the date of the order at one of the offices/clinics of the Jefferson County Health Department and submit to an HIV Serology test (such as the Elisa Blood Test) or the Orasure test (swab test) commonly administered by the Jefferson County Health Department to test for

HIV;

B. That the results of any test be disclosed in accordance with Title 42, U.S.C., § 14011(b)(5) & (6); and

C. That in the event of a negative test result, defendant be ordered to undergo follow-up tests on dates that occur six months and twelve months following the initial test pursuant to Title 42, U.S.C., § 14011(b)(3).

It should be noted that the Jefferson County Health Department conducts HIV testing for free, so, there will be no cost to defendant.

Respectfully submitted this the 2nd day of May, 2006.

                                          ALICE H. MARTIN
                                          United States Attorney

                                          /s/
                                          E. VINCENT CARROLL
                                          Assistant United States Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the defendant's counsel of record:

      Rick L. Burgess
      215 North 21st Street, Suite 701
      Birmingham, AL 35203

      /s/
      E. VINCENT CARROLL
      Assistant United States Attorney