FILED
2006 May-25 PM 04:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No.: 2:06-CR-00127-LSC-JEO |
| ) | |
| **DARREN VINCENT GESE** ) | |

## PLEA AGREEMENT

The United States of America and defendant Darren Vincent Gese hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to plead guilty to **COUNT ONE** of the Indictment filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below.

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT:

The Parties understand that the maximum statutory punishment that may be

imposed for the crime of Coercion and Enticement, in violation of Title 18, United States Code, Section 2422(b), as charged in <u>COUNT ONE</u>, is:

    a.    Imprisonment for not less than <u>5</u> years and not more than <u>30</u> years;

    b.    A fine of not more than $ <u>250,000</u>, or,

    c.    Both a and b;

    d.    Supervised release of not more than <u>LIFE</u>; and

    e.    Special Assessment Fee of $100 per count.

## II. **FACTUAL BASIS FOR PLEA**:

**The defendant hereby stipulates to the accuracy of the following information:**

In or about October, 2005, the defendant met a white female in an on-line chat room. The female is from New Jersey. The defendant learned that the female was 14 years old. For approximately 5 months, and after learning the female was 14 years old, the defendant and the minor female communicated both by computer via the internet and by telephone in interstate commerce. During this time, the defendant and the minor female talked about having sex and exchanged nude photos of one another.

In about January, 2006, while communicating with the minor female by computer via the internet and by telephone, the defendant learned the minor female was going to be in Pensacola, FL, attending a horse show. The defendant made arrangements at his work to be in or around Pensacola on the weekend the minor female was going to be in Pensacola. On or about February 24, 2006, the defendant traveled from Alabama to Pensacola, FL, where he met the minor female. While in Pensacola, the defendant and the minor female went to the defendant's motel room, and the defendant performed oral sex on the minor female and had sexual intercourse with her.

### III. RECOMMENDED SENTENCE:

Pursuant to Section 3E1.1, U.S.S.G., the government will recommend that the Court decrease the offense level by Three (3) points based on the defendant's acceptance of responsibility.

Pursuant to Rule 11(c)(1)(A), Fed.R.Crim.P., upon the defendant's plea of guilty to COUNT ONE of the indictment and the Court's acceptance of the plea of guilty and entry of judgment on the same, the government will move the Court to dismiss COUNT TWO of the indictment.

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will

recommend the following disposition:

(a) That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term within the applicable ADVISORY guidelines range as determined by the Court at the time sentence is pronounced. The defendant's term of imprisonment, however, must be **not less than 5 years** based on the statutorily mandated minimum sentence set out in Title 18, U.S.C., § 2422(b).

(b) That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the standard conditions of supervised release as set forth in USSG § 5D1.3, and to the following special condition(s):

> That the defendant shall not have any unsupervised, one-to-one contact with any children under the age of eighteen (other than his own children); that the defendant shall not engage in any occupation, employment, or volunteer activities which would place him in a position of trust with children under the age of eighteen; that the defendant register and comply with any then applicable local, state or federal laws dealing with the registration or monitoring of individuals convicted of these offenses; that the defendant not subscribe to or otherwise utilize any online computer services or computer bulletin

> boards other than those which are connected directly with his employment and used by him for the benefit of his employer; that the defendant provide the probation officer with complete access to any computer and computer related equipment which the defendant utilizes; and that the defendant allow the probation officer complete access to any computers, computer media, photographs or videos in his possession or under his control.

(c) That the defendant pay a special assessment fee of <u>One Hundred Dollars</u> ($<u>100</u>), said amount due and owing as of the date sentence is pronounced.

## IV. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>:

**As a term and condition of this Plea Agreement I, Darren Vincent Gese, hereby waive my right to appeal my conviction in this case, any fines, restitution, and/or sentence (including one for revocation of release) that the court might impose upon me, and the right to challenge any sentence so imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:**

**The defendant reserves the right to contest in an appeal or post-**

conviction proceeding:

 (a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);

 (b) Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed; and

 (c) Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, he discussed the Federal Sentencing Guidelines and their application to his case with his attorney, who explained them to his satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, Darren Vincent Gese, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*/s/ Darren Vincent Gese*
DARREN VINCENT GESE
Defendant

## V. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in <u>United States v. Booker</u>, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court need not accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, he does not have the right to withdraw his plea.

*[signature]*

## VII. VOIDING OF AGREEMENT:

The defendant understands that should he (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept his plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. OTHER DISTRICTS AND JURISDICTIONS:

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:

Unless otherwise specified herein, the parties understand and acknowledge

that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## X. <u>DEFENDANT'S UNDERSTANDING</u>:

I have read and understand the provisions of this agreement consisting of <u>ELEVEN</u> (<u>11</u>) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within

the past 48 hours except as stated hereafter:

[ N/A ]
(if none, write "N/A")

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

_5/25/06_  
DATE

_Darren Vincent Gese_  
DARREN VINCENT GESE  
Defendant

## XI. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised him of his rights and all possible defenses. My client has conveyed to me that he understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea as indicated above

and on the terms and conditions set forth herein.

_5/25/06_
DATE

RICK L. BURGESS, ESQ.
Defendant's Counsel

## XII. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

ALICE H. MARTIN
United States Attorney

by:

_5/25/06_
DATE

E. VINCENT CARROLL
Assistant United States Attorney