IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| DARREN GESE, | § | |
| Petitioner, | § | |
| v. | § | Case No.: CR-06-127-LSC |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MOTION TO AMMEND PRESENTENCE REPORT

COMES NOW, Darren Gese, Petitioner, in pro se, and humbly requests that this court grant this Motion to Ammend Presentence Report based on the following: Petitioner pled guilty to "use of a computer to entice a minor", in violation of 18 U.S.C. § 2422(b), and was subsequently sentenced, on August 24, 2006, to 70 months imprisonment to be followed by five years supervised release. At that Sentencing Hearing the Petitioner, through his attorney, objected to the factual statement contained within his proffered pre-sentence investigation report ("PSI"). At this same hearing, Petitioner, through his attorney, proffered the court a Motion For Variance ("MFV") Exhibit A, wherein the unusual facts of his case were efficiently and accurately summarized.

Throughout the Petitioner's incarceration, he has sought to participate in various programs. Petitioner has been repeatedly denied and given the reasoning that, based on his instant offense, he is inappropriate for such programs.

1

Petitioner, in an effort to clarify the facts of the instant offense, has produced the MFV submitted at his sentencing, in the hopes that by imparting the facts of his case to his Unit Team, the prison staff members responsible for making programming and rehabilitative decisions on his behalf, they will be more informed and therefore more prepared to make such decision as are their duty.

Petitioner's Case Manager, Gala Cameron, instructed him that she can only go by what is in his PSI. She is not allowed to take any other information into consideration. Consequently, the facts of his case are not considered in his Unit Team's rehabilitative and programming decisions.

The Petitioner humbly asks this court to direct the probation office to simply include the facts mentioned in the MFV, as they are indeed facts. The Petitioner believes that this information should be included based on Federal Rules of Criminal Procedure, Rule 32(d)(2)(A)(iii).

Fed.R.Crim.P. 32(d)(2)(A)(iii) states:

> "The presentence report must also contain...the defendant's history and characteristics, including: any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment;"

It is the Petitioner's humble opinion that these facts, which are outlined in the MFV, are of paramount importance and should be included as they clearly fall within the mandate of F.R.Crim.P.32(d)(2)(A)(iii).

The MFV states:

> "1. That the facts of this case are unusual in that the minor represented herself to the Defendant for 3-4 months as being over the age of 18 years. The Defendant was not seeking out nor did he know he was talking to a minor during this period."

> "2. That the minor clearly stated in her interview with the FBI that she was the aggressor and was the one who was insistent on the sexual contact. That the contact lasted on[sic] a minute or two before the Defendant stopped it telling her that it was not right and he could not engage in the conduct."

"3. The Defendant was 'caught' due to the fact that he went to New Jersey to apologize to the minor's parents regarding the incident reflecting the extreme remorse he felt. He also readily admitted all the facts regarding the situation to the police on that same day."

"4. The Defendant gave law enforcement the name of another adult that the minor had told him she had met on the computer and with whom she had engaged in sexual relations. This information resulted in an investigation of that individual."

"5. That there is no indication that the Defendant is a pedophile. In fact, the MMPI reflects that the Defendant does not have pedophelic traits."

The facts contained in the MFV are indeed facts and extremely relevant to the rehabilitative and programming decisions made on the Petitioner's behalf; his <u>correctional treatment</u>.

## CONCLUSION

WHEREFORE, the Petitioner, Darren Gese, in <u>pro se</u>, humbly moves this court to direct the probation office to ammend his presentence report to include the above stated facts, thereby allowing correctional and supervisory staff members to make intelligent and informed decisions regarding the Petitioner's rehabilitation.

Respectfully submitted,

*[signature]*
Darren Gese, in <u>pro se</u>
Fed.Reg.No.: 25752-001
Federal Correctional Inst
FCI Oakdale, Allen - 1
P.O.Box 5000
Oakdale, Louisiana
       71463-5000

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| VS. | ] | CASE NUMBER: CR-06-127-LSC |
| DARREN VINCENT GESE | ] | |

## MOTION FOR VARIANCE

Comes now the Defendant, by and through his attorney, and moves this Court for a various from the range of custody indicated in the Presentence Report. As grounds therefore, Defendant respectfully shows unto the Court the following:

1. That the facts of this case are unusual in that the minor represented herself to the Defendant for 3-4 months as being over the age of 18 years. The Defendant was not seeking out nor did he know he was talking to a minor during this period.

2. That the minor clearly stated in her interview with the FBI that she was the aggressor and was the one who was insistent on the sexual contact. That the contact lasted on a minute or two before the Defendant stopped it telling her that it was not right and he could not engage in the conduct.

3. That the Defendant was "caught" due to the fact that he went to New Jersey to apologize to the minor's parents regarding the incident reflecting the extreme remorse he felt. He also readily admitted all the facts regarding the situation to the police on that same day.

4. The Defendant gave law enforcement the name of another adult that the minor had told him she had met on the computer and with whom she had engaged in sexual relations. This information resulted in an investigation of that individual.

5. That there is no indication that the Defendant is a pedophile. In fact, the MMPI reflects that the Defendant does not have pedophelic traits.

6. That a sentence at the mandatory minimum will accomplish all the principles mandated by Section 3553 and will not violate the over-riding principle stated in Section 3553(a)(2), that the Court not impose a sentence *"greater than necessary"* to comply with the four purposes of sentencing.

<pre>
                    Darren Gese
              Fed.Reg.No.: 25752-001
            Federal Correctional Institution
                FCI Oakdale, Allen - 1
                    P.O.Box 5000
              Oakdale, Louisiana 71463-5000
</pre>

---

**Clerk of Court**                                             February 26, 2011
**U.S.D.C., Northern District of Alabama**
1729 Fifth Avenue North
Birmingham, Alabama 35203

RE: <u>Case No.: CR-06-127-LSC</u>

Dear Clerk:

    I hope thjs letter finds you well. I am writing this letter to request that you file the enclosed MOTION TO AMMEND PRESENTENCE REPORT with the proper court to entertain such a motion.

    Please find enclosed also a copy of this letter and a S.A.S.E. I ask that you mark the copy of this letter filed and return it to me via the included S.A.S.E.

    Thank you for your time and patience with this matter. I look forward to hearing from your office.

Sincerely,<br>
<i>/s/ Darren Gese</i><br>
Darren Gese

encl: SASE
      MOTION TO AMMEND PRESENTENCE REPORT
      Copy of this letter — marked "COPY"

cc:   file